# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 13-079V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *

BISSER A. BORISOFF *and*                 *         Filed: June 16, 2016
MELANIE B. BORISOFF, *Parents of*    *
N.B., *a minor*,                     *
                                *         Decision; Attorney's Fees
                 Petitioners,      *         and Costs.
                                *
              v.                 *
                                *
SECRETARY OF HEALTH AND     *
HUMAN SERVICES,              *
                                *
                 Respondent.     *
                                *

* * * * * * * * * * * * * * * * * * * * * * * *

*Ronald C. Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioners.

*Glenn A. MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On January 30, 2013, Bisser and Melanie Borisoff, as parents of N.B, a minor, filed a petition seeking compensation under the National Vaccine Injury Compensation.[2] ECF No. 1. In her Rule 4(c) report, filed on September 11, 2013 (ECF No. 22), Respondent conceded that Petitioners' claim was compensable under the Act. In light of Respondent's concession, and based on my own review of the record, I found that Petitioners were entitled to compensation for an injury that set forth in the Vaccine Injury Table. ECF No. 50.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

On November 30, 2015, the parties filed a stipulation proposing an award of compensation. ECF No. 49. I subsequently issued a decision on December 1, 2015, concluding that the stipulation was reasonable and, therefore, adopting it as my decision awarding Petitioners damages. ECF No. 50.

Petitioners have now filed an unopposed motion for attorney's fees and costs, dated June 3, 2016. *See* ECF Nos. 57 and 60. This motion is in substitution for Petitioners' earlier motion for attorney's fees and costs, which did not account for all litigation expenses related to the case. *See* ECF Nos. 55 and 57. Petitioners request reimbursement of attorney's fees in the amount of $52,126.13, and costs in the amount of $32,286.52. ECF No. 57. These amounts represent sums to which Respondent does not object. ECF No. 60. In addition, and in compliance with General Order No. 9, Petitioners request reimbursement for $663.95 in out-of-pocket, litigation-related expenses incurred in conjunction with this proceeding. ECF Nos. 57 and 58.

I approve the requested amounts for attorney's fees and costs as reasonable. Accordingly, (a) an award of $84,412.65 should be made in the form of a check payable jointly to Petitioners and Petitioners' counsel, Ronald C. Homer, Esq., and (b) a check an award of $663.95 to Petitioners only. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

        **IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.